# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

THOMPSON PINCKNEY, Respondent, *v.* ANDREW R. SMITH, Appellant.

*Surrogate — sale of real estate of a deceased person — service of the citation upon an infant — a special guardian cannot be appointed until the infant has been served — the order of sale is void if the infant has not been served.*

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was brought by the plaintiff to recover of the defendant, who is the administrator of the estate of Hiram R. Wood, deceased, the sum of $887.50 paid by the plaintiff to the said defendant as a part of the purchase-price of a house and lot in the city of Brooklyn sold by the defendant as such administrator, under an order of the surrogate of the county of Otsego, to pay debts, on the ground that the proceedings before the surrogate were defective, and that he did not acquire jurisdiction of the person of the infant heir.

The court at General Term said : " The surrogate did not obtain jurisdiction of the person of the infant heir of Hiram R. Wood, whose lands were ordered sold. The petition of the administrator was presented to the surrogate on the 2d day of March, 1880. The petition stated that Hiram R. Wood was the sole heir and was under fourteen years of age. The surrogate, upon this petition, made an order that all persons show cause against the petitioner on the 26th of April, 1880. This order was duly published, but was not served on the infant. On the return day of this order the surrogate appointed Andrew R. Smith special guardian for the infant, and he admitted service of the citation 'for said infant.' The proof was then taken and the proceedings adjourned to the 10th of May, 1880. On the 26th of April, 1880, a copy of this order,

returnable the 26th of April, 1880, was taken and the return day was erased, and the new adjourned day inserted and was then served upon the infant; no new order to show cause was entered or made. On the 10th of May, upon this proof of service and without any further proof of the facts showing a sale to be necessary, an order of sale was made. The infant, when the proof was taken against his inheritance, had not been served with process and had no legal guardian. The order served upon him was not in fact an order and it was too late to be of service. The object of the statute requirement of service upon the infant was such as to enable him to have some one appointed to defend him before any evidence should be taken. The giving him notice afterwards would not have that result. The order of sale did not give power to the administrator to divest the title of the infant and the judgment should be affirmed, with costs."

*James A. Lynes*, for the appellant.

*David Barnett*, for the respondent.

Opinion by BARNARD, P. J.; GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.